**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHADWICK J. NEAL,

      Plaintiff−Appellant,

v.

H.B. HAUF, Sheriff, Payne Co.;
LAMBERT CONSTRUCTION
COMPANY; PAYNE COUNTY BOARD
OF COUNTY COMMISSIONERS;
PAYNE COUNTY COURT CLERK;
REESE LANE, Jail Administrator; LISA
LAMBERT, Payne Co. Court Clerk,,

      Defendants−Appellees.

No. 11-6297
(D.C. No. 5:11-CV-00105-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

      Chadwick J. Neal, an Oklahoma state prisoner proceeding pro se, filed suit in

district court under 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment

---

      * The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

rights. Neal appeals the district court's grant of summary judgment in favor of Reese Lane and R.B. Hauf.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.

**I**

A new jail in Payne County, Oklahoma opened in June 2009. Almost immediately thereafter, problems relating to the jail's structure began to emerge. Among other issues, cracks began to form in the cell walls, leading to concerns that the cell bunks might fall. As these problems arose, officials requested that the jail's builder repair the infirmities pursuant to a warranty in the construction contract. In a memorandum dated March 31, 2010, Payne County Jail Administrator Lane advised Sheriff Hauf that the problem relating to the bunks posed a "serious safety issue" and that the construction company had planned repairs in response to his request. Lane continued requesting repairs to the walls in many of the cells; in April 2010, in light of a "rapid rate of bunk failure," Lane requested that "every bunk in the facility be fixed properly."

Neal was an inmate in this jail in the summer of 2010. During this period, a piece of concrete fell from the top part of the wall above his bunk and struck him on the head. A correctional officer observed a bump and abrasions on his face and small pieces of concrete on the cell floor, and Neal was provided medical care for his injuries.

Following the accident, Neal filed suit against Lane and Hauf, claiming that their

---

[1] Defendant Hauf's name is R.B. Hauf, not H.B. Hauf, but he has not moved to correct the caption. Neal does not appeal the grant of summary judgment in favor of the other captioned defendants.

failure to prevent his injuries amounted to an Eighth Amendment violation. The district court granted defendants' motion for summary judgment, and Neal now appeals.

## II

We review a grant of summary judgment de novo, "viewing the evidence in the light most favorable to the nonmoving party." Howard v. Waide, 534 F.3d 1227, 1235 (10th Cir. 2008). Summary judgment is warranted only if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

The Eighth Amendment requires prison officials to maintain "humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). To demonstrate a violation of this requirement, a prisoner must first show that the conditions of confinement posed "a substantial risk of serious harm." Id. at 834. Second, the prisoner must show that officials acted with a "deliberate indifference." Id. This second subjective prong requires proof that the officials were actually aware of the risk and that they failed to take "reasonable measures to abate it." Id. at 847.

Hauf and Lane concede that Neal's injuries were sufficiently serious to satisfy the first component of his claim. They maintain, however, that they took the reasonable steps of requesting repairs as they became aware of problems. The district court agreed.

Liberally construing Neal's pro se filings, he makes two arguments against the district court's holding that defendants acted reasonably. First, he points to a document from a state court action against the construction company, in which the construction

company claims that they had not been notified of the construction flaws in a timely manner. But because that document was not properly submitted to the district court, the court did not consider it, and neither can we. There is no evidence in the record to suggest that the defendants' efforts to secure repairs were unreasonable.

Second, Neal contends that Hauf and Lane were aware of the condition in his cell but failed to transfer him to another cell. If these defendants had knowledge of the danger from falling concrete in his particular cell, a move to another cell might have been a reasonable measure to avoid harm. However, the record does not demonstrate such specific awareness. An unsworn statement from Neal's cellmate claims that he and Neal mentioned cracks in the ceiling to an unnamed "jailer." Neal also submitted a copy of a letter addressed to Hauf and Lane, informing them of the cracks in his cell and requesting that he be moved. Hauf and Lane deny having seen the letter, however, and there is no evidence that the letter was delivered to or received by them. Neal also points to a repair request stating that the doorframe of his cell had become detached from the wall, but this document does not demonstrate that the defendants were aware of a risk that concrete might fall from the ceiling. Prior to Neal's injury, no inmate had been injured by falling concrete. Accordingly, we see no reason to disturb the district court's holding that defendants acted reasonably to abate the risk of harm.

### III

The judgment of the district court is **AFFIRMED**. We note that Neal was granted

permission to proceed in forma pauperis and remind him to make payments until the appellate filing fee is paid in full.

Entered for the Court


Carlos F. Lucero
Circuit Judge